Kleckner v. Barnes.

---

HENRY C. KLECKNER, APPELLEE, V. OPHELIA BARNES ET AL.,
APPELLANTS.

FILED MARCH 19, 1926.   No.23870.

Evidence examined, and *held* to support the judgment of the district court.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. Affirmed.

*Wymer Dressler* and *Ernest F. Armstrong,* for appellants.

*R. F. Neal* and *Kelligar & Ferneau, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, THOMPSON and EBERLY, JJ.

DAY, J.

Henry C. Kleckner brought this action against Ophelia Barnes and her husband to foreclose a mortgage for $4,000, dated March 12, 1919, upon 40 acres of land belonging to Ophelia Barnes. The answer of the defendants admitted that they executed a document which they believed was a mortgage upon the land in question, but denied that they ever received the sum of $4,000 from the plaintiff, or any other sum, and that there was no consideration for the mortgage.

By way of cross-petition the defendants sought to cancel the cloud upon the title of the land by reason of the mortgage, and also to recover the sum of $240, one year's interest, paid to the plaintiff thereon. The trial resulted in a decree in favor of the plaintiff. Defendants appeal.

The only question presented by the record is whether there was any consideration for the giving of the mortgage. The evidence shows that a number of persons living in the vicinity of Howe, Nebraska, became interested in developing an oil speculation in Wyoming. Among the enthusiastic promoters of the project were Wilton Barnes, a son of the defendants, and John T. Cox, cashier of the Bank of Howe. Wilton Barnes was instrumental in inducing his mother to borrow $4,000 on her farm and join with the others in the enterprise. The scheme contemplated that the different interested parties should contribute such sums as they desired in the joint enterprise of developing an oil well; that a corporation should be organized, known as the "Howe Oil

Kleckner v. Barnes.

& Gas Company," and that when organized the different persons contributing to the enterprise should receive stock in the corporation to the amount contributed by them. The general idea of the scheme was reduced to writing and signed by the parties participating therein, including the defendant Ophelia Barnes. Meanwhile the interested parties were doing their developing under the name of the "Howe Oil & Gas Company."

The plaintiff took no part personally in negotiating the loan, but authorized John T. Cox to make it, and also authorized him to pay the money out of the plaintiff's account. It is the contention of the defendant Ophelia Barnes that she never received the $4,000, or any part thereof. On this issue Cox testified on behalf of the plaintiff. He testified that Mrs. Barnes directed him to credit the amount of the loan to the Howe Oil & Gas Company, which he did, and the same was paid out from time to time in the development of the enterprise. Mrs. Barnes denied that she ever gave such instructions to Cox. She testified that her purpose in borrowing the money was to invest it in the Howe Oil & Gas Company enterprise; that she intended that her sons, Delbert and Barton, should have an interest of $1,000 each and she have $2,000 interest. It appears that she and her two sons above named signed the trustees' agreement indicating their interest in the proportion subscribed by each and that certificates of interest were issued to them. It also appears that the original certificates of interest were stolen from the bank, and that on August 8, 1921, Ophelia Barnes and her two sons made a request that duplicate certificates be issued to them. The defendant Ophelia Barnes on March 12, 1920, paid one year's interest on the loan.

If Cox paid the amount of the loan to a third party under the direction of Mrs. Barnes, it would be equivalent to a payment of that amount to her. While there is a dispute upon this issue, the circumstances seem to corroborate the testimony of Cox. It is hardly probable that she would be claiming an interest in the project a year and a half after making the mortgage, and that she would pay one year's

interest on the loan, unless she considered that the amount of the loan had been paid to her.

Upon a *de novo* consideration of the case, we conclude that the judgment of the district court should be, and it is,

AFFIRMED.